Geraldine **DONALD** and Willie **Brumfield** Plaintiffs

v.

**PIONEER CREDIT COMPANY** and **Voyager Life Insurance Company** Defendants

No. CIV.A. 4:03–CV–144BN.

United States District Court, S.D. Mississippi, Jackson Division.

June 21, 2005.

Isaac K. Byrd, Jr. and Suzanne G. Keys, Jackson, MS, for Plaintiffs.

Walter D. Willson and Randy L. Dean, Jackson, MS, for Voyager Life Insurance Company.

Grover Clark Monroe, II, Jackson, MS, for Defendant Pioneer Credit Company.

### OPINION AND ORDER

BARBOUR, District Judge.

Before the Court is the Motion of Defendant Voyager Life Insurance Company ("Voyager") for Summary Judgment as to the claims of Plaintiff Willie Brumfield ("Brumfield"), filed May 12, 2005. Plaintiff did not respond to the Motion. Having considered the Motion and supporting and opposing authority, the Court finds that

---

the Motion is well taken and that it should be granted.

## I. Factual and Procedural History

Plaintiffs Geraldine Donald ("Donald") and Brumfield filed this suit on December 27, 2002, in the First Judicial District of the Circuit Court of Jasper County, Mississippi, against Voyager, Pioneer Credit Company ("Pioneer"), and five Pioneer employees. On April 9, 2003, this case was removed to this Court. The essence of Plaintiffs' claims is that Defendants illegally bundled Voyager insurance products with loans obtained from Pioneer, resulting in inflated prices to Plaintiffs.

Plaintiff Donald was dismissed from this case without prejudice by Order of the Court on August 7, 2003. On March 15, 2005, the Court compelled Plaintiff Brumfield's claims against Defendant Pioneer to arbitration. On October 17, 2003, in an Order denying Brumfield's Motion to Remand, the individual Defendants in this action, Charles Hamilton, Doris Barrett, David Brown, Chasity Hamrich, and Ben Shirley, were dismissed with prejudice from this action. Hence, only Brumfield's claims against Voyager remain. The claims are the following: (1) breach of fiduciary duties; (2) breach of implied covenants of good faith and fair dealing; (3) fraudulent misrepresentation and/or omission; (4) negligent misrepresentation and/or omission; (5) civil conspiracy; (6) negligence; and (7) unconscionability. Voyager moves for summary judgment on all of these claims on the basis of the applicable statute of limitations, Miss.Code Ann. § 15–1–49(1), which imposes a three-year period within which to file suit.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative

value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

### III. Analysis

Voyager is correct that the statute of limitations bars Brumfield's claims. Brumfield's claims concern six loans that he entered into on the following dates:

1. December 23, 1993;
2. May 19, 1995;
3. December 22, 1995;
4. February 17, 1997;
5. November 13, 1997; and
6. June 12, 1998.

*See* Memorandum Brief of Voyager in Support of its Motion for Summary Judgment, p. 2, filed May 12, 2005. Voyager correctly describes the application of the statute of limitations to this set of facts as follows:

> All of Brumfield's claims are founded on alleged misrepresentations and/or omissions. Each of these asserted claims is governed by Mississippi's general 'catch-all' statute of limitations, Miss.Code Ann. § 15–1–49(1), which imposes a three-year period within which to file suit.
>
> Courts applying Mississippi law have long held that the statute of limitations period for claims based on alleged misrepresentations begins to run upon the completion of the sale induced by such false representation or upon the consummation of the fraud or misrepresentation. *See Stephens v. Equitable Life Assurance Society,* 850 So.2d 78, 82–83 (Miss.2003); *American Bankers' Ins. Co. of Florida v. Wells,* 819 So.2d 1196, 1200–03 (Miss.2001); *Black v. Carey Canada, Inc.,* 791 F.Supp. 1120, 1123 (S.D.Miss.1990); *Dunn v. Dent,* 169 Miss. 574, 153 So. 798, 798–99 (1934).
>
> All of the theories of recovery against the Defendants in this case are based upon alleged misconduct that occurred in connection with Brumfield's Pioneer Credit loan and insurance transactions. Therefore, Brumfield's claims 'accrued' on the dates he entered into these loans, all of which occurred between the years 1993 and 1998. *See Owens v. First Family Fin'l Servs., Inc.,* No. 3:02cv168BN, 2003 WL 21497443, at *3 (S.D.Miss. May 30, 2003); *Agnew v. Washington Mut. Fin. Group, LLC,* 244 F.Supp.2d 672, 676 (N.D.Miss.2003); *Cooley v. Washington Mut. Fin. Group, LLC,* No. 4:02cv8LN, 2002 WL 1768897, at *1 (S.D.Miss. July 29, 2002).
>
> Pursuant to Miss.Code Ann. § 15–1–49, any potential cause of action Brumfield may have had against Defendants expired three years subsequent to those loan dates. The statute of limitations on Brumfield's most recent loan expired on June 12, 2001. However, suit was not filed until December 27, 2002. Thus, all of Brumfield's claims in this suit are time-barred.

Memorandum Brief of Voyager in Support of its Motion for Summary Judgment, p. 2–3. While the "fraudulent concealment" doctrine can act in certain circumstances to toll the statute of limitations, the doctrine does not apply on these facts. *See* Memorandum Brief of Voyager in Support of its Motion for Summary Judgment, p. 3–4. Accordingly, the statute of limitations bars Brumfield's claims, and the Motion for Summary Judgment is well taken and is granted.

### IV. Conclusion

IT IS THEREFORE ORDERED that the Motion of Voyager for Summary Judgment [54] is well taken and is hereby granted.

IT IS FURTHER ORDERED that a Final Judgment shall be entered in this action reflecting the final resolution of this matter.[1]

---

1. *Pioneer v. Brumfield*, civil action no.: 4:03–CV–334, was administratively closed after the entry of an Order compelling Brumfield to arbitrate his claims against Pioneer. Because that action was administratively closed and provides Pioneer with recourse against Brumfield for the potential refusal of Brumfield to arbitrate his claims, it is not necessary to administratively close this action.