ROBERTSON, Presiding Justice,
for the Court:
Frank Baggett appeals from the dismissal of his amended supplemental bill of complaint against The Furst Corporation and John H. (Pete) Stribling, by the Chancery Court of Scott County at the close of complainant’s case.
Baggett averred in his amended bill of complaint that The Furst Corporation, acting by and through Stribling, its president, and Stribling individually had, through material and fraudulent misrepresentations to him, defrauded him of the value of the timber on 239 acres of land in Scott County.
Baggett averred that on May 16,1974, he executed a written option to The Furst Corporation for the sale and purchase of 239 acres of land in Scott County for the cash price of $300 an acre. Stribling paid Baggett $1,000 for this one-year option. Baggett later orally agreed to finance the sale and purchase.
On December 10,1974, Stribling appeared at Baggett’s grocery store in Lake, Mississippi, with a general warranty deed to The Furst Corporation, and a promissory note and deed of trust to Baggett, all prepared by Stribling’s attorney at Stribling’s instance.
When Stribling found only Mrs. Baggett tending the store, he asked her to sign the deed. She asked him if the papers had been prepared in accordance with the option, and Stribling assured her that they had. She called her husband at Lackey Lumber Company in Forest, and told him that Stribling was there with the papers, and, when she told him that Stribling had told her that the papers were prepared in accordance with the option, Baggett instructed her to go ahead and sign the deed.
Stribling asked Baggett to remain in Forest and he would bring the papers to him. When Stribling arrived, Baggett asked him if the papers had been prepared in accordance with the option and their agreement, and Stribling assured him that they had been so prepared.
Whereupon, Stribling and Baggett appeared before a Notary Public and Baggett signed the warranty deed and Stribling, on behalf of The Furst Corporation, signed the promissory note and the deed of trust securing the promissory note.
The note was for $60,700, and was to be paid in annual installments of principal of $2,000 plus 8% per annum interest on the unpaid balance, the first payment being due and payable on December 1, 1975. The Furst Corporation defaulted in the payment of this first installment of principal and interest, and Baggett placed the collection of this note in the hands of his attorney.
Baggett discovered that the 1975 ad valo-rem taxes had not been paid, and that the deed of trust, at the bottom of the first page, after a detailed description of the land, contained this exception:
“LESS AND EXCEPT, all timber of every kind and nature now or hereafter growing on the above described property.”
Baggett also discovered that on December 18, 1974, eight days after the sale was closed on December 10, 1974, The Furst Corporation sold to Rex Timber Corporation all merchantable timber on the 239 acres for $25,000, “together with the right to cut and remove said timber therefrom for a period of two years”.
The amended bill of complaint was filed on November 15, 1976. At the trial, Bag-gett testified that, prior to signing the warranty deed, Stribling assured him that the papers were “like the option”. Baggett, who was 70 years old, admitted that he did not read over the papers, because he “taken Mr. Stribling at his word.” Baggett also testified that “There wasn’t any timber discussed”.
Mrs. Baggett testified that Stribling told her that the papers were just like the option agreement, and that she told her husband this over the telephone. Only the warranty deed was shown Mrs. Baggett by Stribling, and she admitted that she signed *323 it after being assured by Stribling that it was just like the option agreement. She also testified that at no time was the timber discussed.
Stribling himself testified:
“Q And you knew that Mr. Baggett considered you to be an honest man?
A I hope he did. Yes.
Q You knew that Mr. Baggett was relying on your representations?
A Possibly yes.
Q And at no time you told him that that timber was excluded in that Deed of Trust?
A No. At no time was the timber ever discussed.” . ■
Stribling further testified on cross-examination:
“Q When did you first plan on excluding the timber?
A From the very beginning.
Q You had that in mind?
A Right.
Q And you didn’t discuss it with Mr. and Mrs. Baggett?
A No.
Q Didn’t even mention it to them?
A No.”
Stribling’s own testimony convicts him and his corporation of fraud and misrepresentation. The aged Baggetts innocently signed a warranty deed conveying their 239 acres of land and all the timber on it to The Furst Corporation, and received back a deed of trust with all merchantable timber excepted, on Stribling’s representation that the papers were prepared in accordance with their agreement and option.
The Baggetts relied on Stribling’s honesty and on his word, when Stribling had determined from the beginning to defraud them of the timber on their land. It would be hard to imagine a clearer case of misrepresentation, fraud and wrongdoing, or a clearer case of unjust enrichment at the expense of innocent parties.
The lower court was manifestly in error in excluding the testimony offered on behalf of the complainant, and in sustaining the motion of the defendants to dismiss the amended and supplemental bill of complaint.
The decree dismissing the amended bill of complaint is reversed, and this cause is remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
LEE, J., took no part.