Lee WATSON, Plaintiff,

v.

**FIRST COMMONWEALTH LIFE
INSURANCE COMPANY,**
Defendant.

Civ. A. No. W87–0058(B).

United States District Court,
S.D. Mississippi, W.D.

May 25, 1988.

Everette Verhine, Vicksburg, Miss., for plaintiff.

Neville H. Boschert, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motion of First Commonwealth Life Insurance Company (First Commonwealth) for Summary Judgment and for Sanctions.

Lee Watson charges that he was misled into buying life insurance from First Commonwealth by a newspaper advertisement for guaranteed student loans. The text, which is set out below, did not mention life insurance:

> Could you use $25,000 for your child's education? GUARANTEED STUDENT LOANS (It's *NOT* Too Late for Fall Semester) NO CO–SIGNERS NO–COL-LATERAL NO–RED TAPE, Also Plus Loans, CALL DAVE BARLOW, 636–4613, 24 Hours Daily, 7 Days Weekly.

Watson called the telephone number in the ad and was given an appointment with Dave Barlow or Robert Floyd. Watson and his son Greg met with Floyd on July 29, 1986. Watson alleges that Floyd represented that the purchase of a policy was required to obtain a student loan. Watson applied for a policy and for a guaranteed student loan commitment in his son's name, Gregory L. Watson. Greg Watson signed an acknowledgement form, dated July 29, 1986, which in large type stated the following:

> I understand and affirm that the conditional higher education fund commitment is subject to continuation and eligibility requirements and that it is not necessary to purchase the policy to participate in the program.

On or about August 6, 1986, First Commonwealth issued the policy and a "Higher Education Certificate" which certified the issuance of a "guaranteed student loan commitment providing for up to $25,000* for future federal guaranteed student loans ... ." At the bottom of this certificate the asterisk explained that the commitment was subject to conditions set out on the reverse side. As conditions, the insured was required to make "proper application" and to meet the requirements of both the company and the guaranteed loan program. The certificate also listed as a condition a requirement that the certificate-holder have a policy with the company. That requirement came into conflict with the law, and the company therefore had stamped on the side margin a paragraph which by its terms superseded "any statement in this commitment" and stated that purchase of a policy was not required to obtain a loan.

To participate in the federal loan program Watson was required to submit applications both to his son's school and to the federal program. Watson alleges that his wife and son completed the necessary applications and supplied all the materials requested by Greg Watson's school, the University of Southern Mississippi. The University never acted on the application, however, because it deemed the application incomplete.

Watson claims $320.00 in actual damages and $1,000,000.00 in punitive damages under the theories common law fraud and statutory deceptive practices.

## FRAUD

■ In Mississippi the elements of fraud include:

(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon and (9) his consequent and proximate injury.

*Martin v. Winfield,* 455 So.2d 762, 764 (Miss.1984). Fraud must be proven by clear and convincing evidence. *Id.*

Since First Commonwealth challenges the sufficiency of the evidence, Watson must produce evidence sufficient to establish a genuine issue of fact on every essential element of the claim of fraud. In appraising the evidence, the Court must give due regard to the high burden of proof required for fraud. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Watson alleges that Floyd made two false representations on which he relied to his detriment: (1) that the purchase of a policy was required to obtain the student loan, and (2) that the loan commitment was unconditional, that is, that Watson was guaranteed to receive the loan if he purchased the policy. Watson's testimony is evidence sufficient to create an issue of fact on whether these misrepresentations were made.

To establish fraud, however, Watson must also prove that he had the right to rely on the false representations. *Martin,* 455 So.2d at 764. His right to rely is drawn into question by the fact that the signed acknowledgement form, which is dated the day of the meeting with Floyd, sets out clearly the true conditions of the loan. Watson has neither alleged nor attempted to prove that he was under any disability which would entitle him to rely on oral misrepresentations which contradict the plain written terms of that document. *See Martin,* 455 So.2d at 764–66; *Gulf National Bank v. Wallace,* 394 So.2d 864 (Miss.1980); *Crawford v. Smith Brothers Lumber Co.,* 274 So.2d 675, 678 (Miss. 1973). The uncontroverted evidence establishes that at the time of the alleged oral misrepresentation the actual terms of the loan commitment were available to Watson on the acknowledgement form, a short, simple document devoid of small print. Watson had no right to rely on the alleged misrepresentations. First Commonwealth is therefore entitled to summary judgment on the fraud claim.

## MISLEADING ADVERTISING

Watson claims damages under *Miss. Code Ann.* § 97–23–3 (1973), which prohibits advertisements which contain "any assertion, representation or statement of fact which is untrue, deceptive or misleading" and which provides that "the offending person, whether found guilty or not, may be held civilly responsible in tort for damages to persons or property proximately resulting from a violation of this section." Watson alleges that the advertisement for student loans was misleading because the primary purpose was to sell life insurance. Watson's allegations state a claim under the statute.

## UNFAIR INSURANCE PRACTICES

Watson argues that he may also proceed under *Miss.Code Ann.* § 83–5–33, which prohibits unfair insurance practices. There is no provision for private civil actions in that statute, however, and no right of civil action has been implied. *Protective Service Life Insurance Co. v. Carter,* 445 So.2d 215, 219 (Miss.1983) ("There is no provision in the statutes for a cause of action or damages based upon" [a violation of § 83–5–33]).

## PUNITIVE DAMAGES

In Mississippi punitive damages "do not follow as the day the night every finding that a defendant has been guilty of fraud" but rather are available "only in extreme cases." *Gardner v. Jones,* 464 So.2d 1144, 1148 (Miss.1985). For the reasons set out above, the evidence in this case does not support a claim for fraud and is sufficient under *Miss.Code Ann.* § 97–23–3 only because the statute allows recovery for advertising which is merely "misleading" as opposed to fraudulent.

Facts which offend that statute but do not constitute fraud could hardly be said to justify punitive damages in light of the holding of *Gardner*. The statute itself envisages recovery of actual damages only. Although there is ample evidence that the tactics used to sell insurance in this case were less than honorable, this is not an "extreme" case of deceptive advertising. First Commonwealth is therefore entitled to summary judgment on the punitive damages claim.

## REMAND

 Watson's surviving claim for actual damages in the amount of $320.00 is far below the amount-in-controversy requirement of 28 U.S.C. § 1332. The Court accordingly will exercise its discretion to remand the case to the state court from which it was removed. *Moses v. Banco Mortgage Co.*, 778 F.2d 267, 273 (5th Cir. 1985).

## SANCTIONS

First Commonwealth requested sanctions on the ground that Watson had no claim. Since the Court finds that Watson is entitled to trial on his statutory claim, the Motion for Sanctions is denied.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment be granted as to the fraud claim as to the claim for unfair insurance practices, and as to the claim for punitive damages but denied as to the statutory claim for misleading advertisement and the request for sanctions.

IT IS FURTHER ORDERED that the case be remanded to the Circuit Court of Warren County, Mississippi.