Will CARTER, Sr., Plaintiff,

v.

UNION SECURITY LIFE INSURANCE COMPANY, Associates Financial Services Company, and First Family Services, Inc., Defendants.

No. Civ.A. 3:01CV61LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 7, 2001.

Harold B. McCarley, Jr., Harold B. McCarley, Jr., PLLC, Ridgeland, MS, for plaintiff.

Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for Union Security Life Insurance Company.

Fred Krutz, III, Daniel J. Mulholland, David H. Fulcher, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Associates Financial Services Company, Inc. and First Family Financial Services, Inc.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of plaintiff Will Carter, Sr. to remand to the Circuit Court of Hinds County, Mississippi. Defendant Union Security Life Insurance Company (Union Security) opposes the motion, and the court, having considered the parties' memoranda and submissions, concludes that the motion is not well taken and should be denied.

Carter, a Mississippi resident, filed suit in state court seeking compensatory and punitive damages in excess of three million dollars, alleging that after the death of his wife and co-policy holder, defendants, wrongfully and in bad faith, failed to pay credit life insurance benefits on a policy which was "forced placed" by either First Financial Services, Inc. (First Financial), a Mississippi corporation, or Associates Financial Services Company (Associates), a non-resident corporation, from which plaintiff obtained financing for the purchase of a home.[1] Union Security, joined by First Financial and Associates, timely removed the case, alleging that the court has diversity jurisdiction inasmuch as First Financial has been fraudulently joined. Plaintiff urges that remand is required, as there exists a possibility of recovery against First Financial. The court disagrees and will therefore deny plaintiff's motion.

Union Security, as the removing party, bears the burden of establishing the existence of federal jurisdiction, and where charges are made of fraudulent joinder, it also bears the burden of establishing the claimed fraud by demonstrating that

1. The complaint alternatively alleges that plaintiff and his wife obtained financing and were required to purchase credit life by a representative of either First Financial or Associates. Union Security appears to assume for the purposes of this motion that the individual alleged to have sold the policy to plaintiff was an employee of First Financial.

"there is no possibility that [the plaintiff] would be able to establish a cause of action against [the nondiverse defendant] in state court." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). In determining whether plaintiff has set forth a valid cause of action against First Family, the court "evaluate[s] all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff," *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995) (internal quotations omitted), and "then examine[s] relevant state law and resolve[s] all uncertainties in favor of the nonremoving party." *Id.*

■ As Union Security points out, the complaint purports to set forth two causes of action against First Financial.[2] Count II of the complaint charges "bad faith and breach of contract" and seeks to hold each of the three defendants liable for "willfully and intentionally denying" plaintiff's legitimate claim for benefits under the policy issued by Union Security. Aside from plaintiff's conclusory statement that "defendants" denied his legitimate claim for credit life insurance benefits, plaintiff has neither alleged nor attempted to come forward with any proof bearing on any role played by First Financial in Union Security's denial of benefits. *See Doe v. Cloverleaf Mall*, 829 F.Supp. 866, 870 (S.D.Miss.1993) (in evaluating charge of fraudulent joinder, "[w]here the plaintiff's complaint is devoid of any factual allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated") (citing *Jewell v. City of Covington*, 425 F.2d 459, 460 (5th Cir.), *cert. denied*,

400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189 (1970) ("general conclusionary allegations unsupported by facts insufficient to constitute cause of action")). Accordingly, there is no possibility of recovery against First Financial on Count II of the complaint.

Although Count III, entitled "negligence, negligent misrepresentation/fraud," does set forth specific factual allegations against First Financial, it is again clear that there is no possibility of recovery on this claim. According to Count III, Carter and his now deceased wife were

> told by Tammie Weems, an employee, agent, servant, representative of First Family, Associates Financial and Union Security, that credit life insurance was needed on the loan arrangement to secure its payment in the event of the death of one its borrowers, thereby inducing Plaintiff and his spouse to purchase the credit life insurance, which said cost was higher than ordinary term life insurance.

For its part, Union Security urges that even assuming Weems incorrectly informed Carter and his wife that credit life insurance was a condition of obtaining the loan, their reliance on this representation in the face of loan documents stating otherwise was, as a matter of law, unreasonable and thus, extinguishes any possibility of recovery under state law. The court agrees.

■ In order to recover on either a fraud or negligent misrepresentation theory, Carter must demonstrate that his reliance on the putative misrepresentation was reasonable or justifiable. *See GMAC v. Baymon*, 732 So.2d 262, 269–70 (Miss.1999) (setting forth, *inter alia*, elements for fraud claim, including the hearer's

---

**2.** Count I seeks specific performance by Union Security on the credit life insurance policy issued to plaintiff and his wife, while Count IV seeks an injunction against each of the defendants to prohibit First Family and Associates from foreclosing on his home.

right to rely on a material, false misrepresentation), and *Arnona v. Smith,* 749 So.2d 63, 66–67 (Miss.1999) (setting forth, *inter alia,* elements of a claim for negligent misrepresentation, including that plaintiff's reasonable reliance proximately caused his injury). On this point, Union Security submitted an "Insurance Notice To Loan Applicant" form completed by Carter and his wife on the day they obtained financing from First Family. The one-page form, which clearly and conspicuously advises the applicants to *"READ CAREFULLY BEFORE SIGNING,"* plainly states in capital letters on the first line below First Family's address the following: "CREDIT LIFE OR DISABILITY INSURANCE IS NOT REQUIRED TO OBTAIN THIS LOAN." Both Carter and his wife signed and dated the notice, under a representation, again in all capital letters, that they had read the notice before actually signing the note.

For his part, Carter has not challenged the validity of the form but merely reiterates his claim that he was "forced" by First Family to buy credit life insurance which he could have obtained more cheaply elsewhere. However, given that the uncontroverted evidence demonstrates that the terms of the contract were made available to and were read by Carter, the court concludes, as a matter of law, that any reliance by Carter on the alleged misrepresentation by Weems was not reasonable. *See Watson v. First Commonwealth Life Ins. Co.,* 686 F.Supp. 153, 155 (S.D.Miss.1988) (summary judgment affirmed as to plaintiff's fraud claim where the "uncontroverted evidence establishe[d] that at the time of the alleged oral misrepresentation the actual terms of the loan commitment were available to [plaintiff] on the acknowledgement form, a short, simple document devoid of small print. [Plaintiff] had no right to rely on the alleged misrepresentations. First Commonwealth is

therefore entitled to summary judgment on the fraud claim."); *cf. Barhonovich v. American Nat'l Ins. Co.,* 947 F.2d 775, 777–78 (5th Cir.1991) (concluding that plaintiff's reliance on agent's alleged misrepresentation concerning payment of insurance premium was unreasonable where policy stated that terms could be altered, modified or waived by certain officers of the corporation). Accordingly, as there is no possibility of plaintiff's recovering against First Family on Count III of the complaint, the court will deny the motion to remand.

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied.