Peggy CLARK, Mary Lee Cook, Delores Ellis, Gloria King, Willie Malone, Patricia Squire, Curtis Tenner, Emma Williams, and Cassandra Gilmore Plaintiffs

v.

BENEFICIAL, MISSISSIPPI, INC.; Beneficial Mortgage Company of Mississippi; Wesco Insurance Company; the Central National Life Insurance Company of Omaha; Greg Powell; Jeannette Webb; and fictitious defendants "A", "B", and "C" Defendants

No. CIV.A.5:02CV108BRS.

United States District Court,
S.D. Mississippi,
Western Division.

March 21, 2003.

Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for Peggy Clark, Mary Lee Cook, Delores Ellis, Gloria King, Willie Malone, Patricia Squire, Curtis Tenner, Emma Williams, Cassandra Gilmore, plaintiffs.

Fred Krutz, III, Daniel J. Mulholland, Bonnie Bridgers Smith, LaKeysha Nichelle Greer, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Beneficial, Mississippi, Inc., Beneficial Mortgage Company of Mississippi, Wesco Insurance Company, Central National Life Insurance Company of Omaha, Greg Powell, Jeannette Webb, John A–C, defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This matter comes before the Court on the plaintiffs' Motion to Remand [**docket no. 5–1**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds that the plaintiffs' Motion is well-taken and shall be **GRANTED**.

## FACTS

The instant suit was originally filed in the Circuit Court of Jefferson County, Mississippi on February 21, 2002, and arises out of a series of loan transactions and credit insurance policies purchased in connection with the loans. Essentially, the plaintiffs contend that contrary to law and the terms of the loan documents, the defendants misrepresented the purchase of said insurance policies as a "necessary prerequisite for the extension of the credit and receipt of the loan." (Complaint, ¶ 20).

The plaintiffs seek recovery under various theories of misrepresentation, fraud,

conspiracy, negligence, unconscionability, unjust enrichment, and breach of various duties which the plaintiffs claim were owed to them by the defendants. The defendants timely removed this action, claiming that in-state defendants Powell and Webb, two former Beneficial employees, have been fraudulently joined solely for the purpose of defeating diversity jurisdiction. (Notice of Removal). The defendants assert that (1) some or all of the plaintiffs' claims are barred by the statute of limitations, (2) the plaintiffs' claims are barred by the express language of the loan documents, and (3) the plaintiffs fail to state a cause of action sufficient to render Powell or Webb individually liable. *Id.* As further grounds for removal, the defendants assert that bankruptcy jurisdiction exists inasmuch as some of the claims asserted either represent "core" proceedings or are related to the bankruptcy of plaintiff Gilmore. (Amended Notice of Removal).

The plaintiffs have moved to remand this action, and the defendants have responded in opposition. This matter is now before the Court for determination.

### DISCUSSION

When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988). Removal statutes are strictly construed, and all doubts are resolved against the finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979).

### I. Fraudulent Joinder

When attempting to prove fraudulent joinder, the removing party carries a heavy burden. *Cavallini v. State Farm*

*Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

In determining whether the plaintiff has set forth a valid cause of action, the district court must "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Cavallini* at 259. Next, the court must "examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Id.* The Court need not look to "whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson* at 42.

It is uncontested that each plaintiff signed loan disclosure documents that state: "Credit life and disability insurance are not required to obtain credit." Notwithstanding this statement, the plaintiffs allege that the in-state defendants, Powell and Webb, fraudulently misrepresented the necessity of the purchase of this credit insurance in connection with the approval and receipt of the loans at issue. Specifically, the plaintiffs claim they were told that in order to increase their chances of getting the loan, they would have to purchase the insurance.

For example, in her deposition, plaintiff Clark responds to the question of whether she knew she was purchasing the insurance in the following manner: "Yeah. Because [Powell] told me I stood a better chance of getting the loan if I purchased

the insurance." (Depo. of Peggy Clark, p. 18). Clark also alleges that Powell concealed the portion of the loan document stating that the purchase of credit insurance was not required.

> Well, I—like I say, when I went in, he had his hand like this. (Indicating) Basically, this part was kind of covered up. He told me on the phone I stood a better chance of getting the loan—I'm a single parent with three sons. I needed the loan.... And I believed what he said. I didn't think he was lying.... He told me I stood a better chance. I believed him.

*Id.* at 19.

Similarly, plaintiff Malone states: "To get the loan, I had to take out the credit life." (Depo. of Willie Malone, p. 14). When asked if someone told her that, Malone replied, "that's what Greg [Powell] told me." *Id.* at 15.

The defendants respond, that even if such misrepresentations were made, "[b]ecause the loan documents explicitly stated that credit life insurance was not required, Plaintiffs may not reasonably rely on any representation to the contrary." (Defendants' Response, p. 23). In support of this contention, the defendants cite *Carter v. Union Security Life Ins. Co.*, 148 F.Supp.2d 734 (S.D.Miss.2001). The facts of *Carter* are substantially similar to those of the instant case. In *Carter*, the plaintiffs also claimed that employees of a finance company represented to them that the purchase of credit life insurance was a condition of obtaining a loan. The court held that the plaintiffs' reliance on any such representation was unreasonable, stating:

> given that the uncontroverted evidence demonstrates that the terms of the contract were made available to and were read by Carter, the court concludes, as a matter of law, that any reliance by Carter on the alleged misrepresentation was not reasonable.

*Id.* at 737.

As authority for this holding, *Carter* cites *Watson v. First Commonwealth Life Ins. Co.*, 686 F.Supp. 153 (S.D.Miss.1988).[1] *Watson* is also a case of alleged misrepresentation of the necessity of credit life insurance in connection with a loan. In *Watson*, the court found that the plaintiff had no right to rely on such statements when an explicit disclosure that such insurance was not required appeared on the signed acknowledgment form. *Id.* at 155.

*Watson* relied on three (3) Mississippi Supreme Court cases: *Martin v. Winfield*, 455 So.2d 762, 764 (Miss.1984); *Gulf National Bank v. Wallace*, 394 So.2d 864 (Miss.1980); and *Crawford v. Smith Brothers Lumber Co.*, 274 So.2d 675, 678 (Miss. 1973). However, in this Court's opinion,

---

**1.** *Carter* also references three (3) other cases with regard to reasonable reliance: *GMAC v. Baymon*, 732 So.2d 262 (Miss.1999); *Arnona v. Smith*, 749 So.2d 63 (Miss.1999); and *Barhonovich v. American Nat'l Ins. Co.*, 947 F.2d 775 (5th Cir.1991). However, these cases are inapposite to the case *sub judice*. In *Baymon*, the court found that GMAC's threats to repossess a vehicle were not fraudulent even though GMAC had a internal policy against repossession. This result turned on the court's determination that GMAC had no duty to disclose its internal policies to the plaintiff. *Baymon* at 270. In *Arnona*, the court determined that no fraud was present after finding that the plaintiffs had shown no misrepresentation or reliance. *Arnona* at 67. In *Barhonovich*, the Fifth Circuit addressed the issue of reliance in the context of "apparent authority." The court held that the defrauded plaintiff had no right to rely on the agent's misrepresentation that the cash value of the policy in question was sufficient to pay all future premiums in full, when the plaintiff had, *inter alia*, requested a loan for the full cash value of the policy and had repaid none of the principal. *Barhonovich* at 778.

these cases do not demonstrate that the instant plaintiffs have no possibility of recovery under Mississippi law. Indeed, they demonstrate just the opposite.

■ In *Martin,* the plaintiff, an attorney with twenty (20) years of experience leasing oil and gas rights, brought a countersuit claiming fraud against a landowner from whom the plaintiff had obtained a mineral lease. *Martin* at 762. The plaintiff claimed that the landowner had misrepresented the "going rate" for mineral leases on surrounding property. *Id.* at 763. The court found that the plaintiff had failed to establish several necessary elements for a claim of fraud [2], but focused its discussion on the plaintiff's right to rely on the landowner's misrepresentation. The court stated that "[t]he irony in this case is that Martin, an attorney with 20 years experience in the mineral leasing business, claims he was defrauded by a housewife and her husband who has a twelfth grade education." *Id.* at 765.

Quoting extensively from two (2) earlier Mississippi Supreme Court cases, the court made it clear that disparities between the parties in knowledge and experience may play an important role in determining whether one party has a right to rely on the other's representations.

> We have frequently considered fraud cases where persons with special knowledge or expertise employ sharp practices and deceptions to take advantage of unknowledgeable victims.
>> " ... this Court has been liberal in reviewing transactions, where one party might have the advantage over another in experience, knowledge, and

wisdom, to determine whether an overreaching, deceit or fraud has been practiced on the disadvantaged person. In the case of *Fornea v. Goodyear Yellow Pine Co.,* 181 Miss. 50, 178 So. 914 (1938), this Court said:

> In the light of the fact that people are not prudent, and may at times be unjustifiably imposed upon, this Court has been liberal in reviewing transactions where one party might have the advantage over another party in experience, knowledge, and wisdom."

*Martin* at 765(quoting *Parker v. Howarth,* 340 So.2d 434, 437 (Miss.1976)); *see also Johnson v. Brewer,* 427 So.2d 118, 119 (Miss.1983) (25–year old Millsaps graduate with several years experience with oil and gas companies dealing with 80–year old man with a sixth grade education and limited reading ability); *Hunt Oil Co. v. Berry,* 227 Miss. 234, 244–45, 86 So.2d 7, 10–11 (1956) (oil company agent inaccurately explained lease to man who "couldn't understand by a reading of it").

The instant case is the mirror opposite of *Martin,* where the court held that an experienced oil and gas attorney had no right to rely on the representations of an unsophisticated landowner. In contrast, the case *sub judice* presents a set of relatively unsophisticated plaintiffs who claim they have been defrauded by loan officers with, in the case of Powell, a college degree, an insurance license, and eleven (11) years of consumer loan experience. (Depo. of Greg Powell, pp. 7, 9, 10). Given *Martin*'s extended discussion of the Mississippi court's liberal review of such incommen-

---

**2.** Under Mississippi law, the elements of fraud include:
> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the

person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon and (9) his consequent and proximate injury. *Martin* at 764.

surate situations, this Court holds that there is a possibility under Mississippi law that these plaintiffs had a right to rely on the defendants' alleged misrepresentations.

The remaining two (2) Mississippi Supreme Court cases are inapposite. In *Crawford*, a plaintiff with twenty (20) years of experience estimating and buying timber, brought suit against a seller after the logging failed to yield the amounts shown in the timber prospectus. *Crawford* at 675. The court held that the plaintiff had no right to rely on the representations of the prospectus not only because the document itself offered no guarantees of the quantity of timber, *but also because the defendant expressly told the plaintiff that he made no such guarantees. Id.* at 678.

Finally, the decision in *Gulf National Bank* turned not on the plaintiff's right to rely on an alleged misrepresentation, but rather on inconsistent testimony by the plaintiff as to the nature and source of the alleged misrepresentation. *Gulf National Bank* at 866.

Based on the authority of *Martin,* and notwithstanding the holdings of *Carter* and *Watson*, this Court concludes that a possibility exists for the instant plaintiffs to state a cause of action against the in-state defendants under Mississippi law.

■■■ The defendants' two (2) remaining arguments in support of fraudulent joinder—the statute of limitations and failure to establish individual liability—are likewise unavailing. First, it is undisputed that at least one of the loans at issue, plaintiff Clark's August 25, 1999 loan, is not barred by Mississippi's three (3) year statute of limitations. Miss.Code Ann. § 15–1–49. Second, as discussed above and contrary to the defendants' assertions, the plaintiffs had provided detailed, specific, factual allegations of fraud and misrep-

resentation against the in-state defendants. In Mississippi, an agent can incur liability when its conduct "constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Bass v. California Life Insurance Co.,* 581 So.2d 1087, 1090 (Miss.1991) (citing *Dunn v. State Farm Fire & Casualty Co.,* 711 F.Supp. 1359 (N.D.Miss.1987)). Here, the plaintiffs have sufficiently pled such conduct and offered specific evidence of its occurrence.

Based on the foregoing, the Court finds that the in-state defendants, Powell and Webb, have not been fraudulently joined.

## II. Bankruptcy Jurisdiction

■■■ Under 28 U.S.C. § 1334(b), the district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In *Matter of Wood,* 825 F.2d 90 (5th Cir.1987), the Fifth Circuit Court of Appeals stated that the term 'arising under' describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *Id.* at 96. The term 'arising in' refers "to those 'administrative' matters that arise only in bankruptcy cases." *Id.* at 97.

These terms are "helpful indicators" of the meaning of "core proceedings," a term left undefined by the statute. *Id.* As the Fifth Circuit explained:

If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive

right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

*Id.* at 97.

■ While the defendants contend that plaintiff Gilmore's claims in this action represent "core proceedings," the above quoted passage makes it clear that they do not. None of this plaintiff's claims invoke a substantive right created by federal bankruptcy law. On the contrary, this plaintiff states only state-law claims. Moreover, this action is not a proceeding that could arise *only* in the context of a bankruptcy. It is a suit, premised entirely on state law, that could have proceeded in state court had there been no bankruptcy. "[C]ontroversies that do not depend on the bankruptcy laws for their existence—suits that could proceed in another court even in the absence of bankruptcy—are not core proceedings." *Id.* at 96.

■ As such, the plaintiff's action is at most, only "related to" a bankruptcy proceeding, as a recovery could conceivably have an effect on the estate. The defendants are therefore correct in their assertion that this Court has jurisdiction over this action pursuant to § 1334(b). However, the defendants are incorrect in their contention that abstention is inappropriate in this case.

Section 1334(c)(2) states:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, *related to a case under title 11 but not arising under title 11 or arising in a case under title 11,* with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added). As discussed above, this action does not arise under title 11 or arise in a case under title 11, as that language has been interpreted by the Fifth Circuit. Therefore, as the plaintiffs have requested that this Court abstain from hearing this case in their timely Motion to Remand, and as this case, based on state-law, is only "related to" a bankruptcy proceeding, this section requires the Court to abstain from hearing this action.[3]

■ Finally, the defendants argue that plaintiff Gilmore may not pursue her claims, undisclosed in bankruptcy, against the defendants under the doctrines of Equitable/Judicial Estoppel. (Defendants' Response, p. 33). Judicial estoppel is an equitable doctrine, and the decision to invoke it is within the court's discretion.[4] *In*

---

**3.** The Court also notes the language contained in subsection (d).

Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1334(d)(2002).

**4.** In the instant case, plaintiff Gilmore's bankruptcy was filed two (2) years prior to the commencement of this action. As the plaintiffs state that their claims against the defendants were only recently discovered, the Court does not view plaintiff Gilmore's failure to disclose her cause of action against these defendants as a bad-faith attempt at manipulation.

*re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir.1999). However, the authorities supplied by the defendants uniformly relate to actions where federal jurisdiction has been clearly established *on other grounds.* The defendants have provided no authority, and the Court is aware of none, establishing that such a failure to disclose is a basis for jurisdiction that defeats § 1334(c)(2)'s mandate that this Court abstain from hearing the instant non-core proceeding.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' Motion to Remand [**docket no. 5–1**] is **GRANTED**.

A separate order remanding this case to the Circuit Court of Jefferson County, Mississippi, shall follow.